# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

www.flmb.uscourts.gov

In re:  Case No. 8:22-bk-02494-CPM
  Chapter 13

Jennifer Kay Marlow

    Debtor.
_____/

## TRUSTEE'S UNFAVORABLE RECOMMENDATION
## AND OBJECTIONS TO CONFIRMATION OF THE PLAN

TO: Clerk, United States Bankruptcy Court

1. The Debtor's Petition for Relief to Chapter 13 was filed on June 22, 2022.

2. <u>Trustee's Recommendation to the Court</u>. The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

3. It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

        update on status of employment.

    b. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return; including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2022</u>. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. According to Schedules I and J, it does not appear that the Debtor has sufficient disposable income to fund the proposed Plan as required by 11 U.S.C. §1325(a)(6). An amended budget must be filed.

5. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

        copies of Trust documents;
        copies of all bank account statements as of petition date for six months prior to filing, including date of filing;
        copy of deed to property located at: 94 Tatum Road, Sarasota, FL 34240;
        statement from Robinhood account as of date of filing.

    b. The Debtor has not listed the following property on Schedule A/B: inheritance and Trust values.

6. To meet the requirements of 11 U.S.C. §1325(a)(4) and/or 11 U.S.C. §1325(b)(1)(B) the Debtor must dedicate an inheritance to the Plan.

7. The Debtor's Plan has not been proposed in good faith pursuant to 11 U.S.C. §1325(a)(3) because it does not provide to re-organize creditors, but instead Debtor seeks to dispute secured creditors.

8. An Amended Plan must be filed because:

    a. The Debtor has failed to use the Model Plan as required by the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases.

    b. The Plan fails to provide for the treatment of Frontier, United American and Achieva Credit Union, pursuant to 11 U.S.C. §1325(a)(5) and/or 11 U.S.C. §1322.

9. The Debtor's Schedule C must be amended to take allowed exemptions.

10. The Debtor's Schedule(s) D/F must be amended as Debtor appears to list herself as a creditor in her own bankruptcy and amended to list all creditors.

11. The Debtor appears to have not properly completed her Summary of Assets and Liabilities ford, Official Form 106Sum.

12. The Debtor's purpose for the bankruptcy is to dispute secured creditors. This type of dispute should be resolved in State Court.

13. The Debtor has filed a claim as a creditor in her own bankruptcy case.

/s/ Kimberly R. McIntyre
Kimberly R. McIntyre, Esquire
Florida Bar No. 14123
Staff Attorney for Chapter 13 Trustee
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone:  (941) 747-4644
Fax:    (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Jennifer Kay Marlow**, Debtor, Self-Represented, 94 Tatum Road, Sarasota, FL 34240 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 30th day of August 2022.

/s/ Kimberly R. McIntyre
Kimberly R. McIntyre, Esquire

JMW/KRM/ss