UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

IN RE:

| | |
|---|---|
| JENNIFER KAY MARLOW AKA JENNIFER MARLOW AKA JENNIFER KAYE MARLOW, | CASE NO.: 8:22-bk-02494-CPM CHAPTER 13 |
| Debtor(s). | |
| _____/ | |

## CREDITOR'S RESPONSE IN OPPOSITION TO DEBTOR'S AMENDED MOTION FOR RELIEF FROM SUPPLEMENTAL ORDER DISMISSING CASE WITH PREJUDICE ON SEPTEMBER 30, 2022

*Subject Property: 94 TATUM ROAD, SARASOTA, FL 34240*

Creditor, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of the Truman 2021 SC9 Title Trust ("Creditor"), by and through its undersigned counsel, hereby responds in opposition to Debtor's Amended Motion for Relief from Supplemental Order Dismissing Case with Prejudice on September 30, 2022 [D.E. 78] and, in support thereof, states:

### Summary of Response

Creditor opposes the requested relief to the extent it appears Debtor is seeking once again for Creditor to assert its position as a secured Claim and have the dismissal vacated. The instant bankruptcy petition is the Debtor's fourth petition in the past ten years. The most recent bankruptcy case filing served to cancel the second foreclosure sale date on a Final Judgment of Foreclosure entered on October 28, 2019 which had already been stayed pending the resolution to an appeal which was entered on January 12, 2021 affirming the Final Judgment. Debtor continually seeks to invalidate or claim superiority over Creditor's mortgage despite the court's ruling to the exact contrary. The instant Amended Motion seeks to again simply rehash the same arguments, again

attempt to invalidate a mortgage or challenge the Creditor's claim and interest in the property in direct contravention to the *Rooker-Feldman* doctrine.

Additionally, Debtor makes note of her inability to file an amended Plan, however, at the hearing it was discussed that this was a total debt claim in which the total debt was $269,309.74 which would have to be paid over a period of at least 60 months leaving a payment due of $4,488.49 monthly. Debtor's stated income is only $1,709.00, therefore inadequate to support a repayment term unfortunately.

## Summary of Facts

1. The Debtor filed this voluntary Chapter 13 proceeding on June 22, 2022.
2. This is the fourth bankruptcy petition in the past ten years that Debtor has filed, the prior bankruptcy cases being: (Case 13-06404) Chapter 7 resulting in a discharge dated January 27, 2014; (Case No. 17-02265) Chapter 13 case dismissed for failure to file information; (Case No. 20-01383) Chapter 13 case filed on February 19, 2020 and dismissed on August 24, 2020 on the request by the Debtor to have the case dismissed. The instant bankruptcy petition comes on the heels of the most foreclosure sale which was set for June 27, 2022 and had to be cancelled as a result of the Debtor's filing.
3. The Creditor filed the underlying circuit court foreclosure matter on February 22, 2011 in which a Final Judgment of Foreclosure was entered on October 28, 2019 in favor of Creditor.
4. The foreclosure sale provided by the court on the Judgment was February 25, 2020 in which the Debtor filed an Appeal of the Judgment to the Second District Court of Appeal and sought to have the sale stayed by the appeal which was denied. Thus, the Debtor filed her third bankruptcy case on February 19, 2020.

5. That Bankruptcy was voluntarily dismissed by the Debtor on August 24, 2020.

6. On December 23, 2020 the Appellate Court issued their ruling affirming the Final Judgment of foreclosure in favor of the Creditor.

7. In connection with that ruling by the appellate court, the Creditor moved to reset the sale and a new sale date of June 27, 2022 was provided.

8. The Debtor filed the instant bankruptcy petition five days prior to the foreclosure sale thereby cancelling the foreclosure sale again.

9. In the instant case, the Creditor filed its Proof of Claim No. 4 on July 13, 2022 providing the claim as a total debt secured claim in the amount of $269,309.74 as the underlying note and mortgage instruments had matured as of November 1, 2017.

10. The Debtor filed her initial and amended Plan [D.E. 13 and 30] in which no treatment was provided regarding Creditor's lien.

11. Creditor moved for confirmation of termination of the automatic stay based upon the Plan failure to treat the subject claim [D.E. 39] which was granted on September 21, 2022 [D.E. 59].

12. Debtor also filed an Objection to the Claim of Creditor [D.E. 55] which was overruled by the court on September 21, 2022 [D.E. 57].

13. At hearing on September 21, 2022 the Court denied confirmation, dismissed the case and reserved jurisdiction to enter a supplemental Order providing additional provisions regarding future filing. The Dismissal order was entered on September 26, 2022 and the Supplemental Dismissal order providing a two year bar from filing further bankruptcy petitions was entered on September 30, 2022.

**LEGAL ARGUMENT**

The Debtor in her Amended Motion for Reconsideration sets forth no legal basis in order to vacate the dismissal order, instead again re-arguing those matters adjudicated by first the circuit court in the foreclosure case, and then the appellate court. The arguments set forth as to the foreclosure action in Debtor's motion have been considered, reviewed and denied. In applying the *Rooker-Feldman* doctrine, a litigant should not be able to challenge state court orders in federal courts as a means of relitigating matters that have been considered and decided by a court of competent jurisdiction.

Additionally, the Debtor's Objection to Creditor's Claim [D.E. 55] was overruled [D.E. 57], as well as Debtor's Motion to Determine Secured Status which was predicated upon an Affidavit of Beneficial Possessory Interest [D.E. 61] not a senior priority mortgage, a status in which the Creditor itself holds.

The Debtor filed her initial Plan and amended Plan providing for no treatment of Creditor's claim. Thus, the Creditor submitted its Motion to Confirm the Termination of the Automatic Stay [D.E. 39] which was granted by the court [D.E. 59]. Although the Debtor makes note that she did file a Motion to Amend her Plan, feasibility was an issue raised by the Trustee and considered by the court as this is a total debt claim upon a matured instrument. The total debt as of petition filing was $269,309.74 which taken over the longest plan length of 60 months would result in a monthly payment due of $4,488.50. The Debtor's income monthly was provided as $1,709.00 on her amended schedules further contributing to the decision of insufficient finances and inability feasibly fund the plan and retain the property.

Creditor has been engaged in ongoing litigation, appeals and bankruptcy cases with the Debtor over a period of ten years (foreclosure initiated February 2011) and wishes to proceed to sale and conclude the protracted length of the matter and have the two year bar remain intact and the dismissal stand so they can proceed to commence and conclude with the sale of the subject property.

**WHEREFORE,** Creditor, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of the Truman 2021 SC9 Title Trust, respectfully requests that this Court enter an Order Denying Debtor's Amended Motion for Relief from Supplemental Order Dismissing Case with Prejudice on September 30, 2022, and for such other and further relief that this Court deems just, equitable, and proper.

    Diaz Anselmo & Associates P.A.
**Attorneys for Creditor (SHD No. 1461-177480)**
PO BOX 19519
Fort Lauderdale, FL 33318
Phone: (954) 564-0071
Fax: (954) 564-9252
By:  /s/ Ida A. Moghimi-Kian
    Ida A. Moghimi-Kian
    Florida Bar No.56395
    IMoghimi-Kian@dallegal.com

# **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day, October 25, 2022, a copy of the foregoing was furnished electronically and/or via first class U.S. Mail upon:

JENNIFER KAY MARLOW AKA JENNIFER MARLOW
AKA JENNIFER KAYE MARLOW
94 TATUM ROAD
SARASOTA, FL 34240
Pro Se Debtor(s)

JON M.WAAGE
PO BOX 25001
BRADENTON, FL 34206
Trustee

UNITED STATES TRUSTEE - FTM 7/13
TIMBERLAKE ANNEX, SUITE 1200
501 E. POLK STREET
TAMPA, FL 33602
U.S. Trustee

**Diaz Anselmo & Associates, P.A.**
Attorneys for Creditor (SHD No. 1461-186551)
P.O. BOX 19519
Fort Lauderdale, FL 33318
Phone: (954) 564-0071
Fax:  (954) 564-9252
By:  /s/ Ida A. Moghimi-Kian
    Ida A. Moghimi-Kian
    Florida Bar No.56395
    IMoghimi-Kian@dallegal.com