Filed
NOV 25 2022
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION

2 Pages Scanned by EM

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

Via Email @ 6:05pm

IN RE:                                                                                                     CASE NO.: 8:22-bk-02494-CPM
CHAPTER 13

JENNIFER KAY MARLOW AKA JENNIFER
MARLOW AKA JENNIFER KAYE MARLOW,

                            Petitioner-Debtor

                                                                                             DEBTOR'S REPLY TO CREDITOR'S
                                                                                              RESPONSE TO HAVE OBJECTION
                                                                                              TO CLAIM NUMBER FOUR
                                                                                              DECLARED MOOT

NEW PENN FINANCIAL LLC, D/B/A/
SHELLPOINT MORTGAGE SERVICING,
U.S. BANK TRUST NATIONAL ASSOCIATION
GMAC MORTGAGE LLC

                            Respondent
_____/

       COMES NOW, JENNIFER KAY MARLOW, AKA JENNIFER MARLOW, Debtor, to file this timely Reply to Creditor's Response to have Objection to claim Number (4) Declared Moot. The Response by counsel for U.S. Bank Trust solely as trustee of the Truman 2021 SC9 Title Trust by and through undersigned counsel lacks merit. There is no bona fide record in evidence in this case wherein US. Bank properly attained the position of a trustee of the Truman 2021 SC9 Title Trust. The Response by Ida A. Moghimi-Kian of 11/17/2022 as counsel states at paragraph (2.) : "The Claim is based upon a matured loan to which a Final Judgment was entered on October 28, 2019 in favor of the Creditor."

       ` `There is an old cliché': attorneys like to start on the (50) yard line.

       Herein we will go back to kick off. That is the right thing to do. So this alleged Debtor says:

       There was no matured loan as there was no loan at all. There was a credit swap from acceptance of the promissory note whereafter the alleged Bank-Lender *did not* post a matching collateral deposit

1

was the holder of the note based on her review of the loan servicer's records, did not establish that the note had been endorsed at the time of the filing of the complaint).'
Kyser v. Bank of Am., N.A., 186 So.3d 58 (Fla. App. 2016)

"Accordingly, because Appellee failed to establish that it had standing to file the foreclosure case against Appellant, we reverse the Final Judgment for Foreclosure.

REVERSED.-
SWANSON and WINOKUR, JJ., concur." Kyser v. Bank of Am., N.A., 186 So.3d 58 (Fla. App. 2016)

The Notice of Intent Affidavit of Secured Interest filed by the Debtor, on record in this case, and the proffered Senate Document (43) of the year 1933, so raised in the last zoom session, represent the highest Lien holder, and Highest title holder. The lawyer(s) involved have committed gross misrepresentation of the facts behind this foreclosure related bankruptcy case, and therefore should be disciplined and sanctioned. The foreclosure Judgment of record cannot stand for want of jurisdiction, etc. (see) above. The Debtor reserves the right to amend this Response and demurrers to previous filings for the totality of her arguments and claims. Finally, for the Plaintiff, alleged Creditor to make an 'honest' case, there is requested a full evidentiary hearing on these matters above.

Dated: Nov. 25, 2022

All Rights Reserved'
s/ _Jennifer Kay Marlow_
Jennifer Kay Marlow, pro se, alleged Debtor
94 Tatum Rd
Sarasota, FL 34240

Exhibits attached

Kyser v Bank of America
Original Mortgage Complaint
Senate Document 43

5