FILED VIA EMAIL
@ 8:06 PM
NOV 28 2022
Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

IN RE:  CASE NO.: 8:22-bk-02494-CPM
CHAPTER 13

JENNIFER KAY MARLOW AKA JENNIFER
MARLOW AKA JENNIFER KAYE MARLOW,

Petitioner-Debtor

OBJECTION TO ORDER DENYING
AMENDED MOTION FOR
RELIEF FROM
SUPPLEMENTAL ORDER
DISMISSING CASE WITH
PREJUDICE ON NOVEMBER
16, 2022

NEW PENN FINANCIAL LLC, D/B/A/
SHELLPOINT MORTGAGE SERVICING,
U.S. BANK TRUST NATIONAL ASSOCIATION
GMAC MORTGAGE LLC

Respondent
_____/

COMES NOW, JENNIFER KAY MARLOW, AKA JENNIFER MARLOW, Debtor, to file this instant and timely Objection to this Court's Order Denying Debtor's Amended Motion for Relief from Supplemental Order Dismissing Case With Prejudice on November 16, 2022.

The Debtor objects that findings of fact and conclusions of law can be left for a later date on the legal issues and claims the Debtor stands on in her pro se pleadings and zoom court apearances while an Order goes into effect with such a gap in its grounds for entry of the same.

The Debtor cannot sort out which issues to raise on a reconsideration motion, or on a preliminary stay motion or on an appeal when findings of fact and conclusions of law are delayed or set aside for a later date upon judicial discretion alone. The Debtor claims the Order is an abuse of discretion.

..."In General Electric Co. v. Joiner, 522 U.S. 136 (1997), the Supreme Court held that abuse of discretion standard is the proper standard to use when reviewing evidentiary rulings, including whether to admit or exclude expert testimony.

The abuse of discretion standard is also found in administrative law. 5 U.S. Code § 706(2)(a) states that when a court is reviewing an administrative agency's decision, the decision will be set aside when the decision was either "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." In McLane Co., Inc. v. E.E.O.C., 581 U.S. (2017), the Supreme Court held that the abuse of discretion review extends to an administrative court's decision to issue a subpoena."
(ref) https://www.law.cornell.edu/wex/abuse_of_discretion

As the Debtor proffered into evidence Senate document (43) from 1933, in the last zoom session, wherein the U.S. Senate declared the ultimate ownership of all property is in the state...., then by the foreclosing party not producing the real-party-in-interest, i.e. the u.s. government; the foreclosure judgment in the state court is voidable and void for want of the appearance of the real-party-in-interest, inter alia.

For the presiding judge to refer to the U.S Senate's ruling, Id., as merely an historical document, when it is on the most important federal government bankruptcy in the history of this country, this Debtor finds cause for concern in this judge's ability to determine the application of federal bankruptcy law from an impartial viewpoint.

There should be a Stay granted, sua sponte' by this Court for support of the supreme law of the land, i.e. the u.s. constitution and its good behavior doctrine on judges since this Order, supra. Was issued.

This Debtor has a right to appeal.

......"Florida's constitution creates the right to appeal orders of various kinds in art. V, §4(b)(1). The party's right to appeal an order would be empty if orders and judgments could not be stayed pending review. ......
A wide range of orders is subject to appellate review, and all those orders are subject to Rule 9.310. This includes final orders, the appealable nonfinal orders listed in Fla. R. App. P. 9.130, and orders reviewable by way of petition for writ of certiorari, prohibition, or mandamus."

(ref): https://www.floridabar.org/the-florida-bar-journal/the-stay-of-judgments-and-proceedings-in-florida-state-courts/

The credibility of the evidence proffered, supra., is at stake in this case.

Either there was a u.s. bankruptcy declared in 1933 or there was not. The u.s. government *has not come out of bankruptcy* since 1933, and therefore this Debtor concludes the presiding judge in this case is on a private mission; not a publicly supported mission; to grant relief to the Debtor for non appearance by the real-party-in - interest due to the government's ownership of all land in this county by reason of Senate document (43), supra.

## THE U.S. SENATE RECORDED:

From the U.S. Senate Publication: Government Printing Office: SENATE RESOLUTION NO. 62 Submitted by Mr. Shipstead : IN THE SENATE OF THE UNITED STATES, April 17 (calendar day, April 24), 1933.:

...."The regulation of the value of coined money consists in fixing the classes of coins that shall be issued and a standard of measurement of specie. Similarly, it is possibleto classify bills or notes issued or to be issued and to declare the Government's promises as to their redemption and their receivability by itself in governmental transactions or in the payment of debts. For some 70 years of the Government's existence Congress acted under only one of these powers— that of coining money and regulating its value. Then it acted upon the other power— that relating to currency. The exercise of these different powers resulted in two kinds of national "money": (See Bronson v. R odes, supra). But they did not produce two kinds of money of equal value— equal acceptability, equal purchasing power. Between 1862 and 1866 the premium on gold rose and fell from 30 to 160 percent. (See Shollenberger v. Brinton (1866), 52 Pa. St. 9, 33.) If "money" is the medium for effecting exchanges and is a measure of value, when the law made both species and currency legal tender, without actual equal purchasing power, gold became a mere commodity or article of commerce (see Bank of Commonwealth v. Van Vleck, supra.) since it had inherent value as a metal, while currency had no inherent value, only conceptional value as ideal money. But a uniform medium of exchange is essential to the commerce and prosperity of every civilized and commercial people. Money as such is of value, or is in demand, not because it is more valuable than the quantity of property it will purchase, but because it readily can be exchanged for any article. (See Brown v. Welch, supra). The existence of two kinds of money, lacking uniformity of exchangeability, created an impossible situation, or, at least, a situation which tended to nullify the purpose of the legal tender laws. Obviously, some law was necessary to integrate the currency and legal tender laws. The enumerated power from which the power to pass such a law as the parity act may bethought to be implied is, of course, the power to coin money and regulate its value. The end sought to be accomplished is to maintain as "money" that which Congress expressly is empowered to coin, for that power is to "coin money" and not merely to stamp coins. The parity act became necessary in order to maintain the

circulation of specie as money and in order effectively to regulate the value of coined money. The end sought to be accomplished by the parity act, therefore, is legitimate and within the scope of the Constitution. The parity act is an appropriate means plainly adapted to the end in view, i.e., to standardize money for use as a national medium of exchange. It is only by virtue of law that paper notes are money or legal tender; and it is only by virtue of law that either coin or paper has a declared value; and only by virtue of law can coin and paper be maintained at a parity in order to afford a proper medium of exchange. A parity law therefore is a necessary complement to the currency laws.

The ultimate ownership of all property is in the State; individual so-called "ownership" is only by virtue of Government, i.e. law, amounting to mere user; and use must be in accordance with law, and subordinate to the necessities of the State. The fact that citizens, at a given time, may prefer specie to currency, or vice versa, can not prevent Congress from enacting those laws which it deems necessary to the maintenance of a proper monetary system. If the law makes specie and currency equivalent for purposes of payment, a failure to pay a given sum in specie, according to contract, cannot possibly beget an obligation to pay a greater sum in legal-tender notes, whatever premium men may choose to five for gold, when forced to obtain it for a specific purpose, or when impelled by a spirit of speculation, or by a distrust of Government. (Brown v. Welch, supra.) .

---

Because the 1933 U.S. Bankruptcy is not recognized by this presiding Judge in an actual bankruptcy court of law, this Debtor now considers her grounds to file a Motion to Disqualify this presiding Judge from this case. Such motion would be the proper thing to do now, it appears.

The Debtor reserves the right to amend this Objection in any particular.


Dated: November _____, 2022        'All Rights Reserved"

s/ _____

Jennifer Kay Marlow, Debtor, pro se
94 Tatum Rd
Sarasota, FL 34240

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day, Nov. 28, 2022 a copy of the foregoing was furnished electronically, EMAIL OR FAX or via first class mail upon:

JON M WAAGE
P.O.BOX 25001
BRADENTON, FL, 34206

UNITED STATES TRUSTEE-FTM7/13
TIMBERLAKE ANNEX, SUITE 1200
501 E. POLK STREET
TAMPA, FLORIDA 33602
U.S. Trustee

US BANK TRUST
DIAZ ANSELMO & ASSOCIATES P.A.
P.O.BOX 19519
FORT LAUDERDALE, FL. 33318  (954) 564-9252

US BANK TRUST N.A
100 WALL STREET      16TH FLOOR
NEW YORK, NEW YORK 10005

TD BANK USA, N.A.
2001 WESTERN AVE. STE 400
SEATTLE, WA. 98121

ACHIEVA CREDIT UNION
c/o o GIBBONS NEUMAN LAW
3321 HENDERSON BLVD
TAMPA, FL. 33609  (813) 877- 9290

ACHIEVA CREDIT UNION

P. O. Box 1500
Dunedin, Florida 34697

RESURGENT CAPITAL SERVICES
P.O. BOX 1927
GREENVILLE S.C. 29602

All Rights Reserved
/s/ _____
Jennifer Kay Marlow
Jenniferlm4994@gmail.com
c/o 94 Tatum Road
Sarasota, Florida
941-209-2100