ORDERED.

Dated: January 06, 2023

/s/ Catherine McEwen
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                         Chapter 13

Jennifer Kay Marlow,                                                          Case No. 8:22-bk-02494-CPM

      Debtor.                                          /

**ORDER: 1) ON OBJECTION AND 2) AMENDING
THE COURT'S SUPPLEMENTAL DISMISSAL ORDER**

THIS CASE came on for consideration without a hearing on the Debtor's Objection to Order Denying Amended Motion for Relief from Order Dismissing Case with Prejudice (the "Objection") (Doc. No. 97). The order to which the Debtor objects (Doc. No. 86) denied her request for relief from an order (the "Supplemental Dismissal Order") (Doc. No. 74) barring the Debtor from filing another bankruptcy petition before September 30, 2024, unless she files with the assistance of an attorney and the petition is accompanied by the filing fee, all required schedules and statements, and a chapter 13 plan (the "Limited Filing Bar").[1] As grounds for the Objection, the Debtor complains that the Supplemental Dismissal Order fails to include findings of fact and conclusions of law in

---

[1] The Supplemental Dismissal Order followed the Court's Order Denying Confirmation and Dismissing Case (Doc. No. 73), which dismissed this case after the Court found that the Debtor's Chapter 13 Plan failed to meet the requirements for confirmation and that dismissal best serves the interests of creditors and the estate.

support of the Court's ruling. She also asserts that the Court failed to properly consider a paper that appears to have been published in the record of the United States Senate in 1933 regarding ownership rights in real property (the "1933 Senate Document").

By way of background, this is the Debtor's third chapter 13 filing since 2017. The Court dismissed her 2017 case for filing deficiencies that included the failure to file a chapter 13 plan.[2] The Debtor voluntarily dismissed her second chapter 13 case, filed in 2020, after the Chapter 13 Trustee objected to her proposed plan on several grounds, including the failure to treat secured creditors.[3] In the current case, the Debtor's initial chapter 13 plan (Doc. No. 13) provided no treatment for any typical type of secured or unsecured creditors. Although the plan listed a "Creditor," it was the Debtor herself, identified in the plan as the holder of a "Priority Claim" for $805,645.[4] She later filed an amended chapter 13 plan (Doc. No. 30) that made no reference to her alleged "Priority Claim" and proposed to pay general unsecured creditors, pro rata, "no less than" $150. The amended plan provided no treatment for the Debtor's secured creditors, even though two creditors (other than the Debtor) filed secured claims in this case that together total over $320,000.

Throughout this case, rather than proposing a plan to pay her secured and unsecured creditors, the Debtor has attempted to collaterally attack a state court final judgment of foreclosure concerning her homestead property,[5] despite this Court's having advised the Debtor on several occasions that it

---

[2] *See* Case No. 8:17-bk-02265-CPM (Order Dismissing Case, Doc. No. 16).
[3] *See* Case No. 8:20-bk-01383-CPM (Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan, Doc. No. 41).
[4] The Debtor subsequently filed a proof of claim (Claim No. 7) in this same amount, which claim identifies the Debtor as the holder of a claim secured by real property, the basis of perfection being a "Beneficial Interest Notice" recorded in the public records of Sarasota County. Attached to this claim is a copy of a document *"Prepared by Jennifer Kay Marlow"* (emphasis added) titled "Affidavit and Verified Claim in Support of Secured Interest in Real Property AMENDED."
[5] A copy of this foreclosure judgment is attached to the Motion for Order Confirming that the Automatic Stay has Terminated (Doc. No. 39) filed by U.S. Bank Trust National Association as Trustee of the Truman 2021 SC9 Title Trust ("U.S. Bank").

may not look behind a final state court judgment.[6]  Moreover, as discussed at hearings held on September 17 and 21, 2022, given the amount of the arrearages on her vehicle and homestead, the Debtor would need to propose a plan with monthly payments of over $7,000 in order for the plan to be confirmable.  With her reported monthly income on Schedule I (Doc. No. 29) of $1,709, such a plan is simply not feasible.

The Debtor's objection to the Supplement Dismissal Order based on the Court's alleged failure to properly consider the 1933 Senate Document is not well taken.  The Debtor relies on that document to object to U.S. Bank's secured claim based on her assertion that the state court judgment underlying U.S. Bank's claim was entered in error.[7]  The Court did consider the 1933 Senate Document and explained to the Debtor in great detail at a hearing held on November 16, 2022, why it does not relieve the Debtor of her obligation to propose a chapter 13 plan that provides for payment of U.S. Bank's secured claim.  The Court reiterated what it had advised the Debtor at prior hearings, i.e., that the Court may not reconsider a final state court judgment.  Thus, even if the 1933 Senate Document provided grounds to overturn the state court judgment (which the Court does not believe it does), the proper place to file it would be with the state court.  In any event, that document provides no basis whatsoever to lift the Limited Filing Bar.

As to the Debtor's objection to the Supplement Dismissal Order based on the Court's failure to include factual findings and conclusions of the law, the Court is not required to include such

---

[6] *See Ohlsson v. U.S. Bank Nat'l Assoc. (In re Ohlsson),* 565 F. Supp. 3d 1144, 1150 (M.D. Fla. 2021) (*Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)), *aff'd,* 2022 WL 16985512 (11th Cir. Nov. 17, 2022).

[7] In support of her position, the Debtor relies primarily on a phrase from a 14-page article within the 1933 Senate Document that reads, "The ultimate ownership of all property is in the State."  Ironically, advancing the position that all property is owned by "the State" would defeat any attempt by the Debtor to save her homestead through a chapter 13 plan because chapter 13 cannot be used to save property owned by the government.  *See also,* Order Striking Judicial Notices (Doc. No. 98) (explaining that the 1933 Senate Document, which the Court refers to in the Order as "a Senate Resolution from April 1933," has "no cognizable legal or financial impact on the Debtor's bankruptcy case").

findings and conclusions in its orders.[8]  The flaws in the Debtor's proposed plan, including the failure to provide for secured creditors and lack of feasibility, were discussed at length at hearings attended by the Debtor and recorded in open court.  The Debtor may order transcripts of those hearings if she would like a textual version of the Court's rationale.

With respect to the Court's grounds for imposing the Limited Filing Bar, the Court's ruling at the September 21 hearing may have lacked sufficient clarity.  The Court will now make explicit that which was surely implicit as to the grounds for imposing the Limited Filing Bar, i.e., that based on the Debtor's chapter 13 track record and her financial circumstances (as summarized above), the Debtor is unwilling and/or unable to file another chapter 13 case anytime in the near future that stands any chance of success without the assistance of counsel.

Accordingly, it is:

**ORDERED:**

1.  The Objection is overruled in part and sustained in part as stated below.

2.  The Objection is overruled as to the Debtor's argument that the Court failed to properly consider the 1933 Senate Document.

3.  The Objection is sustained as to the Debtor's argument that the Court failed to make an explicit finding and conclusion in support of imposing the Limited Filing Bar.

4.  The Court hereby amends the Supplement Dismissal Order (Doc. No. 74) to include the following language:

> For the reasons stated orally and recorded in open court on September 17 and 21, 2022, including the Debtor's poor chapter 13 track record and lack of financial resources necessary to propose a feasible plan to pay her existing secured creditors, the Court finds and concludes that the Debtor is unwilling and/or unable to file a potentially successful chapter 13 case within the next two years unless she files with the assistance of counsel and satisfies all of the filing requirements described herein.

---

[8] *See* Rule 52, Fed. R. Civ. P., incorporated by Rules 7052 and 9014, Fed. R. Bankr. P.

The Clerk is directed to serve a copy of this order on the Debtor and any interested party who does not receive service via CM/ECF.